**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
ROBERT PRESCIA                                         **MEMORANDUM**
                                   Plaintiff,                             **AND ORDER**

                      - against -                                   08-CV-3381 (FB) (JO)

**LONG ISLAND RAILROAD COMPANY,**

                                    Defendant.
-------------------------------------------------------------------X

**JAMES ORENSTEIN, Magistrate Judge:**

       Attorney Art Sadin ("Sadin") is a member of the bar of the state of Texas, but is not admitted to practice before this court and apparently is currently ineligible for such admission pursuant to Local Civil Rule 1.3(a). He now seeks to be admitted *pro hac vice* to appear on behalf of the plaintiff in the instant case pursuant to Local Civil Rule 1.3(c). For the reasons set forth below, I deny the motion without prejudice to renewal upon a showing that such admission is appropriate under the circumstances.

       Sadin, an associate with Sadin Law Firm, P.C., has made similar applications, both of which have been granted, in at least two other cases in this district in the past two years. *See Fay v. Long Island Rail Road*, docket number 07-CV-3329 (RML), Order dated October 15, 2007; *Upton v. Long Island Railroad Company*, docket number 07-CV-2605 (SJ) (VVP), Order dated October 31, 2007; *see also Reyes v. National Rail Passenger Corp., et al.*, docket number 99-CV-1803 (RJD) (VVP), Order dated August 16, 1999. It appears that Sadin regularly engages in the practice of law in this district (as well as in the Southern District of New York, in which he was also recently granted admission *pro hac vice*). Yet by virtue of the fact that he seeks and obtains the right to appear *pro hac vice* rather than taking the steps necessary to join the bar of

this court, Sadin remains immune to much of the disciplinary oversight to which his colleagues are subjected. *See* Loc. Civ. R. 1.5(b)-(c) (differentiating between members of the bar of this court and others for purposes of defining the grounds for discipline and the types of discipline or other relief available).

This court routinely grants attorneys who practice elsewhere the courtesy of representing clients who find themselves involved in litigation in this court. But "[a]dmission *pro hac vice* is by definition, at most, admission for a single proceeding." *In re Rappaport*, 558 F.2d 87, 88 n.1 (2d Cir. 1977). It is a privilege rather than a right, *see Leis v. Flynt*, 439 U.S. 438, 441-42 (1979), and one that should not be abused. If Sadin intends to continue representing clients in this court, he can and should be admitted to our bar upon satisfaction of the applicable eligibility requirements. If, on the other hand, he can demonstrate that his recent applications for admission *pro hac vice* represent an aberration in his normal practice, and that he does not anticipate making future similar applications on a routine basis, then I will of course grant him the same courtesy that is routinely afforded to out-of-state counsel in their occasional visits to this district.

Accordingly, for the reasons set forth above, I deny attorney Art Sadin's application to appear *pro hac vice* in this matter, without prejudice to renewal.

**SO ORDERED.**

Dated: Brooklyn, New York
      October 14, 2008

                                        /s/ James Orenstein
                                        JAMES ORENSTEIN
                                        U.S. Magistrate Judge